IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAVIS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-127-CDL-GMF |
| | * | 28 U.S.C. § 2254 |
| ELIJAH McCOY, Warden, and | * | |
| BRIAN OWENS, Commissioner | * | |
| Ga. Dept. Of Corrections, | * | |
| | * | |
| Respondents. | * | |

## REPORT AND RECOMMENDATION

On October 30, 2009, Petitioner filed an application for federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R-1). On March 8, 2010, Respondent filed a Motion to Dismiss the petition as untimely. (R-13). Petitioner was notified of his right to respond, and did so on March 30, 2010. (R-18).

The record reveals that on September 28, 2004, Petitioner was convicted after a bench trial of burglary, theft by taking, and obstruction of a law enforcement officer in the Superior Court of Muscogee County, Georgia. (R-1, p. 1). Petitioner was sentenced to twenty years imprisonment on the burglary charge; and twelve months to serve on both the theft and obstruction charges, both to run concurrently. (R-13, p. 5). An Amended Motion for New Trial was filed on March 21, 2006, wherein a re-sentencing hearing was held and Petitioner's sentence was amended to impose a "split" sentence of twenty years, with ten to serve, for the burglary. *Id.* at 6. Petitioner did not file a direct appeal of his convictions. On July 30, 2008, Petitioner filed a state habeas petition in the Superior Court of Wilcox

County, which he claims was transferred to Decatur County, and which was denied on June 19, 2009. (R-1). Petitioner then filed a certificate of probable cause to appeal with the Georgia Supreme Court on July 15, 2009, which was denied on September 28, 2009. (R-1, p. 3).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By final, we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708.

*Id.* at 1338.

In this case, Petitioner was convicted of armed robbery on September 28, 2004. Pursuant to O.C.G.A. § 5-6-38 Petitioner had thirty (30) days after his guilty plea and sentencing to file a notice of appeal.[1] Petitioner did not pursue a direct appeal, but did file a timely Motion for New Trial which was amended on March 20, 2006, and denied after re-sentencing on March 23, 2006. Therefore, his judgment of conviction became final on April 24, 2006, which was thirty days following the denial of his Motion for New Trial. The AEDPA statute of limitations thus began to run on Petitioner's § 2254 action on April 25, 2006, and ended on April 24, 2007.

---

[1] In Georgia there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996).

Petitioner's state habeas corpus petition which was not filed until July 30, 2008, was filed almost 15 months after the expiration of the AEDPA statute of limitations. *See Tinker v. Moore,* 255 F.3d 1331, 1334, *cert. denied,* 534 U.S. 1144 (2002). The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's federal habeas petition filed on October 30, 2009, more than three years following the expiration of the AEDPA statute of limitations, fails to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 28th day of April, 2010.

                                            S/ G. MALLON FAIRCLOTH
                                            UNITED STATES MAGISTRATE JUDGE

eSw